UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELTORERO HURST, ET AL.

CIVIL ACTION

VERSUS

NUMBER 15-614-JJB-SCR

NATIONAL GENERAL INSURANCE
COMPANY, ET AL.

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 1, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

                    UNITED STATES DISTRICT COURT

                     MIDDLE DISTRICT OF LOUISIANA


ELTORERO HURST, ET AL.
                                          CIVIL ACTION
VERSUS
                                          NUMBER 15-614-JJB-SCR
NATIONAL GENERAL INSURANCE
COMPANY, ET AL.


                     **MAGISTRATE JUDGE'S REPORT**

    Before the court is a Motion to Remand filed by plaintiffs Eltorero Hurst, Era Sandres and Joseph Caston. Record document number 5. The motion is not opposed.

    For the reasons which follow, the plaintiffs' motion should be denied.


                              **Background**

    Plaintiffs filed a Petition for Damages (hereafter "Petition") in state court against defendants National General Insurance Company and Agesilaos Frangos to recover damages for injuries resulting from a car accident which occurred on August 12, 2014. Plaintiffs alleged that Frangos' vehicle struck the rear of a vehicle carrying the plaintiffs while traveling down Interstate 10 in West Baton Rouge Parish. All plaintiffs alleged that they sustained injuries to the neck, back, arm, leg, and head. All plaintiffs also alleged their injuries included herniated discs in the back and herniated discs in the neck which require surgical

repair.[1]  Plaintiffs alleged that their damages include physical pain and suffering; mental and emotional pain and anguish; past, present and future medical expenses; past, present and future loss of income and impairment of earning capacity, past, present and future loss of enjoyment of life; and scarring.

Defendants removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2]  Defendants alleged that the required jurisdictional amount is established by the allegations in the Petition. In support of removal, the defendants also submitted a demand letter from counsel for Joseph Caston which indicated that his case was valued at approximately $175,000 and sought settlement in the amount of the insurance policy limits.[3]  Defendants submitted evidence to establish that the policy limits exceed $75,000.[4]

Plaintiffs moved to remand and argued it is not facially apparent from the Petition that the amount in controversy is greater than $75,000.  Plaintiffs asserted that the defendants have not satisfied their burden to show that the amount in controversy

---

[1] Record document number 1-2, ¶¶ 6, 8, and 10.

[2] Defendants alleged citizenship as follows: plaintiffs are citizens of Louisiana, defendant National is incorporated in North Carolina with its principal place of business in North Carolina, and defendant Frangos is a resident of Florida.  Record document number 1, ¶ 7.  Diversity of citizenship is not disputed.

[3] Record document number 1-4, Exhibit C.

[4] Record document number 1-3, Exhibit B.

exceeds the jurisdictional threshold. Plaintiffs also argued that the removal was procedurally defective because the defendants failed to provide proper notice of the removal pursuant to § 1446(d) and serve conventional copies on all parties of the case in accordance with U.S. District Court, Middle District of Louisiana Administrative Procedure I.B.4.[5]

**Applicable Law**

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). Under § 1446(d) a removing party shall promptly give written notice of the filing of the notice of removal to all adverse parties and shall file a copy of the notice with the clerk of such State court.

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a

---

[5] Administrative Procedure I.B.4 provides that, "[a] Notice of Removal may not be served utilizing the Court's CM/ECF system due to a limitation in the opening process which limits the ability of the filer to associate email addresses for service at the time of filing. The filer must serve conventional copies on all parties to the case."

specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(A)-(B).  This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[6]

In the Fifth Circuit, for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in controversy is as follows.  The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips*

---

[6] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
  Plaintiffs did not allege that their claims are for less than the required jurisdictional amount.  While this factor supports finding that the plaintiffs' claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D.La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D.La., July 18, 2011).

*Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[7] Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul*

---

[7] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D.Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D.La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

*Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Whether this framework will remain viable after the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 2014 WL 7010692 (Dec. 15, 2014) is unclear.  In *Dart* the Court held that, as specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Therefore, the good faith amount-in-controversy allegation of a defendant removing a case asserting diversity jurisdiction should be accepted when not contested by the plaintiff or questioned by the district court.  If the amount in controversy is contested, both sides then submit proof and the district court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.

**Analysis**

A review of the allegations in plaintiffs' Petition supports finding that it facially apparent that their claims exceed $75,000, exclusive of interest and costs.  Although the plaintiffs alleged several non-specific bodily injuries, each plaintiff also alleged that he is suffering from multiple bulging discs in his back and neck, and that the bulging discs in the neck require surgical treatment.  Surgery of this nature, considered along with the extensive list of types of injuries sustained, demonstrates that

6

each plaintiff's damages will likely exceed $75,000. This conclusion is further supported by the settlement demand seeking policy limits in excess of $75,000 for plaintiff Caston and the plaintiffs' failure to include an allegation in their Petition stating that their damages are less than the amount necessary to establish federal courts jurisdiction.

In response to the defendants' submissions with the Notice of Removal, the plaintiffs provided no evidence showing that the value of their claims was below $75,000. Nor did they explain the failure to include a jurisdictional allegation in the Petition. Plaintiffs' arguments concerning the defendants' applicable burden of proof are without merit under both the current law and the holding in *Dart*. Considering the types of injuries and damages alleged, and the settlement demand, the defendants have shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.

Plaintiffs' arguments concerning the procedural deficiencies with the Notice of Removal do not establish that remand is warranted. Plaintiffs acknowledged that they received notification of the removal 17 days from the date of filing. Plaintiffs failed to cite any legal authority to support the argument that a 17-day delay violates the prompt notice requirement of 28 U.S.C. § 1446(d). Plaintiffs have also not shown they were prejudiced in

any way by the delay.[8]   Defendants' failure to comply with a local administrative procedure is not a procedural defect that warrants remand under § 1447.

## Conclusion

Because the record establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, the court has subject matter jurisdiction under § 1332 and the case was properly removed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, December 1, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiffs timely filed their Motion to Remand within 30 days of the filing of the Notice of Removal and thus preserved any arguments not based on lack of subject matter jurisdiction. Plaintiffs did not seek an extension of time to supplement their Motion to Remand because of the delay in receiving the Notice of Removal.