UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELTORERO HURST, JOSEPH CASTON
AND ERA SANDERS                                               CIVIL ACTION

VERSUS                                                        NO. 15-614-JJB-EWD

NATIONAL GENERAL INSURANCE COMPANY
AND AGESILAOS FRANGOS

## ORDER

Before the Court is a Motion for Leave of Court to File First Suplemental [sic] and Amending Petition for Damages, filed by plaintiffs, Eltorero Hurst, Joseph Cason and Era Sanders.[1] The purpose of the amendment is to add defendant Agesilaos Frangos' employer, Liberty Maintenance, Inc. ("Liberty"), and to correct allegations with regard to Agesilaos Frangos' domicile.[2]

This case was removed from state district court under 28 U.S.C. § 1332 based on complete diversity of citizenship of the parties.[3] The Notice of Removal states: "Plaintiffs are alleged to be citizens of the State of Louisiana.[4] National is alleged to be a foreign insurer.[5] National is in fact incorporated in North Carolina with its principal place of business in North Carolina and is a citizen of the State of North Carolina for diversity purposes.[6] *See* 28 U.S.C. § 1332(c) (1). Co-defendant, Agesilaos Frangos is alleged to be a resident of Florida.[7]"

Proper information regarding the citizenship of all parties is necessary to establish the court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. §

---

[1] R. Doc. 25.
[2] *Id.* Frango was originally alleged to be a resident of Tarpon Springs, Florida. (R. Doc. 1-2 at ¶1(B).
[3] R. Doc. 1 at ¶5.
[4] R. Doc. 1 at 2; *See* R. Doc. 1-2 at 1.
[5] R. Doc. 1 at 2; *See* R. Doc. 1-2 at 1.
[6] R. Doc. 1 at 2; *See* R. Doc. 1-3.
[7] R. Doc. 1 at 2; R. Doc. 1-2 at 1.

1447(e) when a plaintiff seeks to join an additional defendant after removal. The plaintiffs are all alleged to reside in Baton Rouge, Louisiana. The proposed First Supplemental and Amending Petition for Damages (the "Amended Petition") makes the following allegations about citizenship of the defendants:

> A. **NATIONAL GENERAL INSURANCE COMPANY**, upon information to form a belief, a foreign insurance company licensed to and doing business in the State of Louisiana, that can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809;
>
> B. **AGESILAOS "LEO" FRANGOS**, upon information and believe, a major domiciliary of Baton Rouge, Louisiana, who can be served through his attorney of record, Peter Donovan, Donovan & Lawler, 4640 Rye Street, Metairie, Louisiana, 70006;
>
> C. **MIHAIL FRANGOS,** upon information and belief, a major domiciliary of Tarpon Springs, Florida, who can be served at 1317 Belcher, Tarpon Springs, Florida, 34689; and
>
> D. **LIBERTY MAINTENANCE, INC.,** upon information to form a belief, a foreign corporation domiciled in Youngstown, Ohio and authorized to do and doing business in the State of Louisiana, that can be served through its agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana, 70802.[8]

In the proposed Amended Petition, citizenship has not been adequately alleged. First, with regard to the plaintiffs, the only allegation is that they are "residing in East Baton Rouge Parish."[9] "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[10] Additionally, while the citizenship of the individual defendants, Agesilaos "Leo" Frangos and Mihail Frangos, has been adequately alleged,[11] the citizenship of the corporate defendants has not been adequately alleged in the proposed Amended Petition. The Notice of

---

[8] R. Doc. 25-1 at ¶1.
[9] R. Doc. 25-1 at introduction. The original Petition for Damages contains the same allegation. (R. Doc. 1-2 at introduction).
[10] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[11] *Id.* (allegations of domicile are equivalent to citizenship for diversity purposes).

2

Removal, however, alleges that National General Insurance Company is incorporated in North Carolina with its principal place of business in North Carolina, such that National's citizenship can be determined for diversity purposes. The proposed Amended Petition simply states that Liberty is "a foreign corporation domiciled in Youngstown, Ohio."[12] A corporation is a citizen of its place of incorporation and its principal place of business,[13] which has not been stated in the proposed Amending Petition with regard to Liberty.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall file a Motion to Substitute the proposed First Suplemental [sic] and Amended Petition for Damages[14] with a comprehensive proposed pleading that adequately alleges the citizenship of all plaintiffs, as well as Liberty Maintenance, Inc., no later than seven (7) days from the date of this Order. The Motion for Leave of Court to File First Suplemental [sic] and Amending Petition for Damages[15] shall be considered submitted at that time.

Signed in Baton Rouge, Louisiana, on July 29, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 25-1 at 1.
[13] 28 U.S.C. §1332(c). *See also*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[14] R. Doc. 25-1.
[15] R. Doc. 25.