## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ELTORERO HURST, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 15-614-JJB-EWD**

**NATIONAL GENERAL**
**INSURANCE COMPANY, ET AL.**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on August 26, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELTORERO HURST, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-614-JJB-EWD** |
| **NATIONAL GENERAL**<br>**INSURANCE COMPANY, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion for Leave of Court to File First Suplemental [sic] and Amending Petition for Damages, filed by Plaintiffs Eltorero Hurst, Joseph Caston, and Era Sanders (collectively "Plaintiffs").[1]  Plaintiffs seek leave to amend their original state court Petition for Damages to name two additional defendants and to correctly identify the citizenship of defendant Agesilaos Frangos.  Any opposition to this Motion was required to be filed within 21 days after service of the Motion.  LR 7(f).  Defendants have not filed an opposition as of the date of this Order.  The Motion is therefore unopposed.

For the following reasons, the undersigned recommends that the Motion be **GRANTED** and *sua sponte* recommends that the matter be **REMANDED** to the 18th Judicial District Court for West Baton Rouge Parish, Louisiana, for lack of subject matter jurisdiction.

**Factual and Procedural Background**

On or about August 11, 2015, plaintiffs Eltorero Hurst, Joseph Caston, and Era Sanders filed a Petition for Damages in the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana, against Agesilaos Frangos and National General Insurance Company ("National")

---

[1] R. Doc. 25.

(collectively "Defendants"), seeking damages for the injuries they allegedly sustained as a result of a car accident that occurred on August 12, 2014.[2]  Plaintiffs allege that Caston and Sanders were the passengers of a vehicle driven by Hurst, which was struck from behind by a vehicle owned by Mike Frangos but driven by Agesilaos Frangos.[3]  Plaintiffs assert that National issued a policy of insurance that provided coverage to the vehicle driven by Agesilaos Frangos, which was in full force and effect at the time of the accident.[4]  Plaintiffs allege that they each sustained injuries to the neck, back, arm, leg, and head, including herniated discs in the back and herniated discs in the neck that required surgical repair.[5]  Plaintiffs also allege that each of their damages include past, present, and future physical pain and suffering; past, present, and future mental and emotional pain and anguish; past, present, and future medical expenses; past, present, and future loss of income and impairment of earning capacity; past, present, and future loss of enjoyment of life; and scarring.[6]  In the Petition, Plaintiffs allege that Agesilaos Frangos is a resident of Florida and National is a foreign insurance company licensed to do and doing business in Louisiana.[7]

On September 11, 2015, National removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[8]  In the Notice of Removal, National asserts that there is complete diversity between the parties because Plaintiffs are alleged to be citizens of Louisiana, Agesilaos Frangos is alleged to be a resident of Florida, and National is a citizen of North Carolina.[9]  National also asserts that although the state court Petition is silent as to the total amount in controversy, it is facially apparent from the Petition that the amount in controversy exceeds

---

[2] R. Doc. 1 at 1 (*citing* R. Doc. 1-2).
[3] R. Doc. 1-2 at 1.
[4] *Id*. at 4.
[5] *Id.* at 2-3.
[6] *Id*. at 2-4.
[7] *Id.* at 1.
[8] R. Doc. 1 at 1.
[9] *Id*. at 2.

$75,000 based on the damages allegedly suffered by each plaintiff and the damages awarded in other cases for similar injuries. National also asserts that the amount in controversy exceeds $75,000 based on a March 18, 2015 demand letter sent by Joseph Caston's attorney to National, which alleges that Caston's injuries were valued at approximately $175,000 and seeks settlement in the amount of the insurance policy limits.[10]

National also submitted evidence to show that its policy with Agesilaos Frangos, under which Plaintiffs' claims are made, has limits exceeding $75,000 and that National has not made any payments to the Plaintiffs.[11] National asserts that the policy limits are properly considered in determining the amount in controversy. National further asserts that it is facially apparent that Plaintiffs are seeking more than $75,000 because the Petition fails to allege that Plaintiffs are seeking less than the federal jurisdictional amount. Finally, National asserts that Agesilaos Frangos consents to the removal of this action.[12]

On October 8, 2015, Plaintiffs filed a Motion to Remand, asserting the case was improperly removed because the amount in controversy does not exceed $75,000.[13] On January 5, 2016, this Court denied the Motion to Remand, concluding that it is facially apparent from the Petition that Plaintiffs' claims exceed $75,000 exclusive of interest and costs based on the injuries alleged, the settlement demand seeking policy limits in excess of $75,000 for Caston, and Plaintiffs' failure to include an allegation in the Petition stating that their damages are less than the amount necessary to establish federal jurisdiction.[14]

---

[10] R. Doc. 1 at 4 (*citing* R. Doc. 1-4 at 1).
[11] R. Doc. 1 at 4 (*citing* R. Doc. 1-3).
[12] R. Doc. 1 at 5.
[13] R. Doc. 5.
[14] R. Doc. 12 (adopting Report and Recommendation of Magistrate Judge (R. Doc. 8)).

On March 15, 2016, Plaintiffs timely filed a Motion for Leave of Court to Amend Plaintiffs' Original Petition for Damages, seeking to amend the Petition to name two additional defendants and to correctly identify the citizenship of Agesilaos Frangos.[15]  Plaintiffs seek to name as defendants Agesilaos Frangos' employer, Liberty Maintenance, Inc. ("Liberty"), and Mihail Frangos, the alleged owner of the vehicle driven by Agesilaos Frangos at the time of the accident.[16] Plaintiffs also seek to amend their Petition to correctly identify Agesilaos Frangos as a citizen of Louisiana and not a resident of Florida, as originally alleged.[17]

On June 7, 2016, this Court denied the Motion for Leave without prejudice to Plaintiffs re-filing the motion properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case with the proposed amendments and the proposed additional defendants.[18]

On June 13, 2016, Plaintiffs filed a second Motion for Leave of Court to File First Suplemental [sic] and Amending Petition for Damages.[19]  On June 28, 2016, this Court denied the second Motion for Leave without prejudice to Plaintiffs "re-filing of the motion with a proposed pleading attached that is a comprehensive Complaint which includes all of Plaintiffs' numbered allegations as revised, supplemented, and/or amended and which will become the operative Complaint in this matter."[20]

On July 19, 2016, Plaintiffs filed a third Motion for Leave of Court to File First Suplemental [sic] and Amending Petition for Damages.[21]  On July 29, 2016, this Court issued an

---

[15] R. Doc. 14; *See* R. Doc. 9 at 2.
[16] R. Doc. 14-1 at 2.
[17] R. Doc. 1-2 at 1.  Plaintiffs assert that during the discovery process, they learned that Agesilaos Frangos was a citizen of Louisiana at the time of the collision and at the time of removal.  (R. Doc. 25 at 1-2).
[18] R. Doc. 21.
[19] R. Doc. 22.
[20] R. Doc. 24.
[21] R. Doc. 25.

Order requiring Plaintiffs to file a Motion to Substitute the proposed First Suplemental [sic] and Amended Petition for Damages[22] with a comprehensive proposed pleading that adequately alleges the citizenship of all Plaintiffs, as well as Liberty, no later than seven days from the date of the Order.[23]  The Court further provided that, "The Motion for Leave of Court to File First Suplemental [sic] and Amending Petition for Damages[24] shall be considered submitted at that time."[25]

On August 4, 2016, Plaintiffs timely filed a Motion for Leave of Court to Substitute the Proposed First Supplemental and Amending Petition for Damages, in accordance with this Court's July 29, 2016 Order.[26]  The Court granted the Motion to Substitute on August 9, 2016.[27]

In the Proposed First Supplemental and Amending Petition for Damages, Plaintiffs allege they are Louisiana citizens, National is a citizen of North Carolina, Agesilaos Frangos is a citizen of Louisiana, Mihail Frangos is a citizen of Florida, and Liberty is a citizen of Ohio.[28]  Plaintiffs' allegations regarding the injuries and damages each plaintiff suffered as a result of the underlying accident remain unchanged from the original Petition.  However, while the Petition alleged that the sole and proximate cause of the accident was the fault and/or negligence of Agesilaos Frangos, the Proposed First Supplemental and Amending Petition for Damages alleges that Agesilaos Frangos, Liberty, and Mihail Frangos are liable for all the Plaintiffs' injuries.[29]

The Proposed First Supplemental and Amending Petition for Damages alleges that the accident was caused by the negligence of Agesilaos Frangos and that Liberty is liable for his negligence under the theory of *respondeat superior* because Agesilaos was in the course and scope

---

[22] R. Doc. 25-1.
[23] R. Doc. 26.
[24] R. Doc. 25.
[25] R. Doc. 26 at 3.
[26] R. Doc. 27.
[27] R. Doc. 28.
[28] R. Doc. 27-1 at 1-2.
[29] R. Doc. 27-1 at 6.

of his employment with Liberty at the time of the accident.[30]  Plaintiffs also allege that Liberty was negligent in failing to provide proper driver training, failing to employ a safe and competent driver, failing to properly supervise and instruct its drivers, failing to maintain the vehicle in proper condition and working order, and failing to submit the vehicle to routine inspection.[31]  Plaintiffs further allege that Mihail Frangos owned the vehicle driven by Agesilaos Frangos at the time of the accident and negligently entrusted its operation to Agesilaos Frangos.[32]  Finally, Plaintiffs allege that National issued a policy of insurance that provided coverage to the vehicle driven by Agesilaos Frangos, which policy was in effect at the time of the accident.

### Applicable Law and Analysis

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The court liberally construes Rule 15(a) in favor of amendment.  *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend").  Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a request for leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."  *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

---

[30] *Id.*
[31] *Id.* at 7.
[32] *Id.*

Further, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447 applies.  According to Section 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).[33]

In the instant case, National removed this matter to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332(a).[34]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

The Court has reviewed Plaintiffs' Proposed First Supplemental and Amending Petition for Damages and there is no evidence that the amendment is sought in bad faith, would surprise or unfairly prejudice Defendants, or would cause undue delay.  Defendants first received notice of

---

[33] The statute further provides that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The Court finds § 1447(e) does not apply in this case because Plaintiffs are not seeking to *join* a new non-diverse party as a defendant in this matter.  Plaintiffs filed the Motion for Leave seeking to amend a factual allegation in the Petition in order to correctly identify the citizenship of a party who is already a named defendant in this case (Agesilaos Frangos).
[34] R. Doc. 1.

Case 3:15-cv-00614-JJB-EWD   Document 33   08/26/16   Page 9 of 11

the proposed amendments when Plaintiffs filed their first Motion for Leave on March 15, 2016.[35] As of the date of this Report, however, neither of the defendants has filed an opposition to the Motion for Leave.  The Court, therefore, finds that the Plaintiffs' Motion for Leave should be granted.

As previously mentioned, National removed this case based on the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).  At the time of removal, National alleged that there was complete diversity between the parties because National is a citizen of North Carolina and the Plaintiffs alleged in the Petition that they were Louisiana citizens and that Agesilaos Frangos was a Florida resident.[36]  In the Proposed First Supplemental and Amending Petition for Damages, Plaintiffs seek to name Liberty, a citizen of Ohio, and Mihail Frangos, a citizen of Florida, as additional defendants in this matter.[37]  Plaintiffs also seek to amend their Petition to allege that Agesilaos Frangos is a citizen of Louisiana rather than Florida, as originally pled.  As previously stated, Defendants have not filed an opposition to the Motion for Leave disputing Plaintiffs' allegation that Agesilaos Frangos is actually a Louisiana citizen.

Since it is undisputed that Agesilaos Frangos is a Louisiana citizen and Plaintiffs are also Louisiana citizens, the amendment will destroy diversity jurisdiction and divest this Court of subject matter jurisdiction under 28 U.S.C. § 1332(a).  In addition, the Notice of Removal does not allege that this Court has subject matter jurisdiction based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  According to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Because the Court grants the Motion for Leave of Court to File

---

[35] R. Doc. 14.
[36] R. Doc. 1 at 2-3 (*citing* R. Doc. 1-2 at 1).
[37] R. Doc. 27-1 at 1-2.

Supplemental and Amending Petition for Damages and allows Plaintiffs to amend their original Petition to name Liberty and Mihail Frangos as defendants and to allege that Agesilaos Frangos is a citizen of Louisiana, § 1447(c) requires this Court to remand the matter to the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana, for lack of subject matter jurisdiction.  *See Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990) ("federal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issues to the court's attention.") (citing cases); *Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 618 (N.D. Tex. 2007) ("Although the parties have not raised this question, the court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary.").

## Conclusion

Based on the foregoing, the Motion for Leave of Court to File Suplemental [sic] and Amending Petition for Damages,[38] filed by plaintiffs Eltorero Hurst, Joseph Caston, and Era Sanders should be granted, allowing Plaintiffs to file the Proposed First Supplemental and Amending Petition for Damages[39] naming two diverse defendants in this action and amending the allegation of citizenship regarding defendant Agesilaos Frangos.  Upon granting the amendment, the Court must remand the matter to state court because there will no longer be complete diversity of citizenship between the parties and the Court will not have subject matter jurisdiction based upon 28 U.S.C. § 1332(a)(1).

## <u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that the Motion for Leave of Court to File Suplemental [sic] and Amending Petition for Damages,[40] filed by plaintiffs Eltorero Hurst, Joseph

---

[38] R. Doc. 25.
[39] R. Doc. 27-1.
[40] R. Doc. 25.

Caston, and Era Sanders should be **GRANTED**, allowing Plaintiffs to file the Proposed First Supplemental and Amending Petition for Damages.[41]  Upon granting the Motion for Leave, there will no longer be complete diversity of citizenship between the parties and the matter should be **REMANDED** for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on August 26, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Doc. 27-1.