UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELTORERO HURST, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-614-JJB-EWD** |
| **NATIONAL GENERAL INSURANCE COMPANY ET AL.** | |

**ORDER**

On August 26, 2016, the undersigned Magistrate Judge issued a Report and Recommendation[1] regarding the Plaintiffs' Motion for Leave to File Supplemental and Amending Petition for Damages, in which Plaintiffs seek to name two additional defendants and to identify defendant Agesilaos Frangos as a Louisiana citizen.[2] In the Report and Recommendation, the undersigned recommended that the Motion be granted, allowing Plaintiffs to file the proposed First Supplemental and Amending Petition for Damages. Upon granting the Motion, however, the undersigned also *sua sponte* recommended that the matter be remanded to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

On September 12, 2016, Agesilaos Frangos and National General Insurance Company (collectively "Defendants"), filed Written Objections to the Proposed Findings of Fact, Conclusions of Law and Recommendations.[3] Defendants argued that the recommendations of the undersigned Magistrate Judge should be rejected because Frangos was never a Louisiana citizen. Defendants assert that Frangos was a citizen of Florida at the time of the underlying car accident on August 12, 2014, and that Frangos was a citizen of Ohio when the lawsuit was filed in state

---

[1] R. Doc. 33.
[2] R. Doc. 25.
[3] R. Doc. 34.

court on August 11, 2015 and when this matter was removed on September 11, 2015.[4] Defendants attached an Affidavit from Frangos stating that Frangos was a permanent resident and domiciliary of Florida in 2014 through March 2015 and changed his permanent residence and domicile to Ohio in April 2015.[5] As such, Defendants assert this matter should not be remanded to state court because the Court has diversity jurisdiction under 28 U.S.C. § 1332.[6] Defendants further claim that their failure to oppose Plaintiffs' Motion for Leave to File Supplemental and Amending Petition for Damages to correct the allegations with regard to Frangos' citizenship was due to excusable neglect.

On September 14, 2016, District Judge James J. Brady ordered that the matter be returned to the undersigned Magistrate Judge "for further consideration in view of the objection filed."[7]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have fourteen (14) days from the date of this Order to file a Motion to Substitute the proposed First Supplemental and Amending Petition for Damages[8] with a comprehensive proposed pleading to correct the allegation of citizenship regarding Agesilaos Frangos, or to file a response to the Defendants' Written Objections to the Proposed Findings of Fact, Conclusions of Law and Recommendations.[9] Additional leave of Court is not needed to comply with this Order.

Signed in Baton Rouge, Louisiana, on September 30, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] R. Doc. 34 at
[5] R. Doc. 34-1 at 2.
[6] R. Doc. 34 at 2-3
[7] R. Doc. 35.
[8] R. Doc. 25-1.
[9] R. Doc. 34.